# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| EDWARD JOHNSON | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:25-CV-1767-S |
| PTCAA TEXAS, LP d/b/a PILOT TRAVEL CENTER #433, COLIBRI HOLDING, LLC d/b/a COLIBRI GROUP, and ABDERRAHMAN AIT LEMALEM | § § § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants Colibri Holding, LLC d/b/a Colibri Group and Abderrahman Ait Lemalem's Motion for Partial Summary Judgment on Plaintiff Edward Johnson's Gross Negligence Claims ("Motion") [ECF No. 20]. The Court has reviewed the Motion, Defendants' Brief in Support of the Motion ("Defendants' Brief") [ECF No. 21], Plaintiff's Response to the Motion ("Response") [ECF No. 38], Plaintiff's Brief in Response to the Motion ("Plaintiff's Brief") [ECF No. 39], Defendants' Reply to the Response and Brief in Support Thereof [ECF No. 43], the summary judgment evidence, and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

This case arises out of a vehicular accident. *See* Pl.'s Original Pet. ("Petition") [ECF No. 1-3] ¶ 7. On January 6, 2025, Plaintiff was reversing a tractor-trailer into a parking spot at a Pilot Travel Center. *Id.*; Pl.'s Br. 1-2. As Plaintiff maneuvered his vehicle into the parking spot, Lemalem, driving a tractor without a trailer on behalf of Colibri, continued driving forward. App. in Supp. of Resp. ("Plaintiff's Appendix") [ECF No. 40] Tab 4 at 29:20-30:25; Pl.'s Br. 1; *see generally* App. to Defs.' Br. ("Defendants' Appendix") [ECF No. 22] Ex. B [ECF No. 22-2]. Lemalem slowed down as he approached Plaintiff's vehicle. *See* Defs.' App., Ex. A [ECF

No. 22-1] 00:29-35. Lemalem testified that he "believe[d] that there [was] a space so [he could] pass by." Defs.' App., Ex. C [ECF No. 22-3] 26:16-17. However, there was insufficient space, and Lemalem's truck struck Plaintiff's truck. Pet. ¶ 7; Defs.' App., Ex. B, at 00:25-28. Plaintiff got out of his truck and walked over to confront Lemalem immediately after the accident. *See* Defs.' App., Ex. B, at 00:38-50. The incident was captured on two dashcam videos. Defs.' App., Exs. A, B.

The accident at issue was the only commercial vehicle accident in which Lemalem had been involved. Defs.' App., Ex. C, at 32:1-3. Colibri did not discipline Lemalem or provide him with additional training after the accident. Pl.'s App., Tab 4, at 33:16-25.

Plaintiff sued Colibri and Lemalem, along with Defendant PTCAA Texas, LP d/b/a Pilot Travel Center #433, in Texas state court. *See* Pet. Plaintiff asserted claims for negligence and gross negligence against Colibri and Lemalem and asserts claims for negligent hiring, negligent training, negligent supervision, retention, and monitoring, and negligent entrustment against Colibri. *Id.* ¶¶ 10-13, 20-27. Lemalem removed the case to this Court, and Colibri and Lemalem now move for summary judgment on Plaintiff's gross negligence claims. *See* Defs.' Br. 1-2.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) showing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[C]onclusory statements, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). The Court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

## III. ANALYSIS

In the Motion, Defendants seek summary judgment on Plaintiff's gross negligence claims against them. Mot. 1. Plaintiff responds that summary judgment is premature because he has not yet deposed Colibri's corporate representative. Pl.'s Br. 1. In the alternative, Plaintiff contends that summary judgment is improper based on the evidence developed to date. *Id.* at 6.

### *A. Plaintiff's Request for Discovery*

Plaintiff spends the majority of his responsive briefing seeking further discovery under Federal Rule of Civil Procedure 56(d). Pl.'s Br. 2-7. Rule 56(d) permits the Court to "defer considering . . . or deny" a summary judgment motion or "allow time to . . . take discovery" if the

nonmovant shows that it cannot present facts essential to justify its opposition. FED. R. CIV. P. 56(d)(1)-(2). But the nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citation omitted). Instead, he "must demonstrate (1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011) (citation omitted).

Because Plaintiff does not adequately explain how the corporate representative deposition will likely create a genuine issue of material fact and relies largely on vague assertions, he is not entitled to additional discovery before the Court rules on the Motion. First, the only specific argument Plaintiff makes is that the evidence would establish the subjective component of Plaintiff's gross negligence claim against Colibri. *See* Pl.'s Br. 4-5 ("Colibri's deposition testimony is particularly necessary to fully analyze the subjective element of gross negligence."). But, for the reasons set forth below, Plaintiff cannot establish the objective element of such a claim. Therefore, even if the evidence could establish the subjective component, Plaintiff's gross negligence claim against Colibri would fail. Second, Plaintiff's counsel outlines a laundry list of evidence that Colibri allegedly holds that is "relevant to [Plaintiff's] gross negligence claims." Pl.'s App., Tab 3, at 14-15 ¶ 7. This request amounts to little more than a fishing expedition and does not satisfy the Rule 56(d) standard. Finally, the Court is unpersuaded that Colibri's corporate representative possesses any evidence related to the gross negligence claim against Lemalem. Plaintiff deposed Lemalem and submitted excerpts from that deposition in support of his Response.

Further, Plaintiff's discovery request is late. The discovery deadline in this case expired on June 12, 2026, before Defendants filed the Motion. *See* Scheduling Order [ECF No. 14] ¶ 3(d).

Plaintiff never filed a motion to compel the requested deposition, despite Colibri allegedly failing to provide a corporate representative for a deposition scheduled four days after the end of the discovery period. *See* Pl.'s Br. 2. And since Plaintiff filed his Response and Brief more than three months ago, Plaintiff has not provided supplemental briefing or any other information on his efforts to obtain the requested discovery and apparently still has not taken the corporate representative deposition. This case is not one in which "basic discovery has not been completed." *Id.* at 3 (citation omitted). Instead, the discovery deadline has passed, and all discovery has been completed, except for a single deposition that Plaintiff took no measures to compel until after Defendants moved for summary judgment. For these additional reasons, the Court concludes that it would be improper to delay ruling on or deny Defendants' Motion so that Plaintiff can take an additional deposition.[1]

***B. Defendants' Motion for Partial Summary Judgment***

Under Texas law, gross negligence is conduct "[that] when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others" and "of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11). The Texas Supreme Court describes gross negligence as having both "an objective and a subjective component." *Medina v. Zuniga*, 593 S.W.3d 238, 247 (Tex. 2019) (citation omitted). The objective component requires "an extreme degree of risk, not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Id.* at 249 (cleaned up). And the subjective component requires actual awareness, meaning "the defendant

[1] To the extent Plaintiff asks the Court to exercise its discretion to deny the Motion as premature, *see* Pl.'s Br. 6, the Court denies that request for the same reasons.

knew about the peril, but its acts or omissions demonstrated that it did not care." *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (citation omitted).

*i. Lemalem*

Defendants are entitled to summary judgment on Plaintiff's gross negligence claim against Lemalem. Objectively, Lemalem's conduct did not involve an extreme degree of risk. Lemalem was driving slowly when the accident happened, attempting to drive around Plaintiff's truck. *See* Pl.'s App., Tab 4, at 30:1-6; Defs.' App., Ex. A, at 00:29-35. There is no evidence that Lemalem was speeding, disobeying traffic laws, driving while distracted, or otherwise driving dangerously. "[W]hen a driver is grossly negligent, it is usually because multiple acts or omissions combined to create an extreme degree of risk." *Johnson v. Jamerson*, No. 6:24-CV-244-JDK, 2026 WL 1918036, at *2 (E.D. Tex. Apr. 15, 2026) (citation omitted); *see also Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016) (same); *Duhon v. Trucking the Right Way, LLC*, No. 1:25-CV-390, 2026 WL 2689861, at *11 (E.D. Tex. Sep. 11, 2026) ("Courts have commonly determined that conduct such as operating a vehicle at an excessive rate of speed or consciously failing to stop at a stop sign is not, standing alone, enough to constitute gross negligence." (citation omitted)). Here, Lemalem committed an error in judgment while slowly maneuvering around another truck in a parking lot. His actions did not create an extreme degree of risk.[2] *See Drake v. Crete Carrier Corp.*, No. 4:23-CV-01021-BD, 2026 WL 21361, at *5 (E.D. Tex. Jan. 5, 2026) (finding that a truck driver who tried to pass a car "without sufficient space to do so safely" was not grossly negligent).

---

[2] The fact that Lemalem's Commercial Driver License was suspended or revoked at some point in 2025, *see* Pl.'s Br. 4-5, does not alter this conclusion. Plaintiff does not allege or show that it was suspended at the time of the accident or otherwise explain how that fact supports a finding of gross negligence. *See id.* (stating that Lemalem's license was suspended or revoked "while he was out of the country").

Plaintiff also has not demonstrated that Lemalem had actual, subjective awareness of a risk, but nevertheless proceeded with conscious indifference. Lemalem testified repeatedly that he thought he had enough space to pass and thought Plaintiff was going to pause his parking maneuver to perform a "back checkup," which would have increased the amount of space available for Lemalem. Pl.'s App., Tab 4, at 26:14-27:5, 29:8-15, 30:10-25. That Lemalem's judgment proved to be incorrect is no evidence that he was consciously indifferent to a risk. "[A] party cannot be liable for gross negligence when it actually and subjectively believes that the circumstances pose no risk to the injured party, even if they are wrong." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 141 (Tex. 2012) (citation omitted).

Because there is insufficient evidence to support either the objective or subjective component of gross negligence, Plaintiff's gross negligence claim against Lemalem does not survive summary judgment.

*ii. Colibri*

Defendants also are entitled to summary judgment on Plaintiff's gross negligence claim against Colibri. An entity is liable for gross negligence if it: (1) "authorizes or ratifies an agent's gross negligence"; (2) "is grossly negligent in hiring an unfit agent"; or (3) "commits gross negligence through the actions or inactions of a vice principal." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921-22 (Tex. 1998) (citations omitted).

First, "because the Court already concluded that [Lemalem] was not grossly negligent, [Colibri] cannot have authorized or ratified grossly negligent conduct by [Lemalem] to be liable under the" first theory. *Phillips*, 189 F. Supp. 3d at 657. Second, Plaintiff has offered no evidence

that Lemalem was an unfit agent such that Colibri was grossly negligent in hiring him.[3] Instead, the evidence shows that Lemalem had never been in an accident involving a commercial vehicle before the accident at issue, Defs.' App., Ex. C, at 32:1-3, had experience with multiple trucking companies before working for Colibri, Pl.'s App., Tab 4, at 34:1-18, and received training on safely driving a truck in truck driving school and with a previous employer, *id.* at 34:1-5. There is no factual dispute that Colibri hired a driver who was "incompetent or habitually reckless" or who had an "egregious driving record[]." *Phillips*, 189 F. Supp. 3d at 658 (citations omitted). Third, Plaintiff does not allege or argue that Lemalem was a vice principal of Colibri or that any other vice principal of Colibri committed gross negligence.[4] Therefore, Colibri is not liable for gross negligence.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Colibri Holding, LLC d/b/a Colibri Group and Abderrahman Ait Lemalem's Motion for Partial Summary Judgment on Plaintiff's Gross Negligence Claims [ECF No. 20]. Plaintiff Edward Johnson's gross negligence claims against Colibri and Lemalem are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED November 4, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff may argue that he needs to take the deposition of Colibri's corporate representative to obtain this information. But Plaintiff has not explained why he could not gather the evidence through other means of discovery, and he has provided no arguments or facts to indicate that the deposition might reveal that Colibri was grossly negligent in hiring Lemalem.

[4] To the extent that Plaintiff argues that Colibri itself committed gross negligence by failing to train or discipline Lemalem, Pl.'s Br. 5, Plaintiff cites no caselaw to support this theory.